Opinion issued July 22, 2010.

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00383-CR

———————————

Najia Omar Mohamad, Appellant

V.

The
State of Texas, Appellee



 



 

On Appeal from the 174th District Court

Harris County, Texas



Trial
Court Case No. 1092190

 



 

 

MEMORANDUM
OPINION

 

          Appellant,
Najia Mohamad, appeals from a judgment convicting her for the murder of her
daughter, Rohina Abdul Ali.  See Tex. Penal Code Ann. § 19.02 (Vernon
2003).  Appellant pleaded not
guilty.  A jury found appellant guilty
and determined her sentence at 75 years confinement.  In two issues, appellant contends the
evidence is legally and factually insufficient to support her conviction.  Determining the evidence is legally and
factually sufficient to sustain appellant’s conviction for murder, we affirm.

BACKGROUND

          In 2006, appellant called a family
friend, Mitra Hadad, and told her that appellant’s daughter had committed
suicide.  Hadad phoned the police and
went to appellant’s apartment. When first responders arrived at the apartment
they discovered the body of Ali and realized it was not a suicide.  Police officers and investigators arrived to
find no signs of forced entry, no valuables taken from the apartment, and no
other indications that anyone other than appellant, Ali, and Ali’s four-year
old daughter had been in the apartment when Ali died. 

          It was later determined that someone
had struck Ali’s head several times with a blunt object.  The head of a sledgehammer was found
underneath Ali’s pillow.  The shape,
size, and distinct markings on the head of the sledgehammer were consistent
with the wounds on Ali’s head.

          When investigators initially
questioned appellant about what happened, she said she had gone to bed early
and last saw Ali watching television in the living room.  In the morning, she woke up to gurgling
noises coming from Ali in a nearby bed. 
Appellant then covered Ali with a comforter because she did not want her
granddaughter to see the body.  After
that, appellant stated she fell on the floor unconscious for an unknown span of
time.  When she awoke, she could not find
the phone or her glasses, and her granddaughter was asking for food so she made
breakfast for the child.  Three to four
hours after first waking up, appellant called Hadad.  She stated that, at that point in time, she
did not know whether her daughter was dead. 
She also noted that at one point during the morning her granddaughter
pushed open the door, and appellant noticed that it had been left unlocked.

          The next day, appellant gave a
different version of events to police. 
This time, she said that after she first passed out, she used her arms
to drag herself to a phone.  When she
tried to dial the numbers on the phone, she passed out a second time.  She stated that when she awoke she noticed
the front door was open, called Hadad, and then fed her granddaughter
breakfast.  She also mentioned that the
father of Ali’s daughter had threatened to find Ali one day, and she believed
he was involved in the murder. 

          At trial, the State presented evidence
from Ali’s daughter that, on the night of the murder, no one else was in the
apartment other than herself, appellant, and her mother.  Ali’s daughter also testified that she slept
in the same bed as her mother.  That
night she saw her mother lay her head on the pillow, touch her head, and then
her mother’s hands had blood on them. The State also questioned a downstairs
neighbor, who heard hammering coming from appellant’s apartment at 8:00 or 9:00
p.m. the night before Ali’s body was found. 
The neighbor also testified that she could usually hear if someone
climbed the stairs to access appellant’s apartment, but she had not heard
anyone go up the stairs that night.

          At trial, the medical examiner who
performed an autopsy on Ali testified that the cause of death was blunt head
trauma with skull fractures.  Ali had
five impact sites on her scalp, including the left front of her head, left
forehead, left temple, and behind her left ear. 
State’s exhibit 21, the autopsy report, stated that the manner of death
was homicide.  The medical examiner
stated that the markings on the sledgehammer were consistent with the injuries
found on Ali’s head.  On
cross-examination, the medical examiner stated that any of the five blows to
her head could have caused loss of consciousness.

Sufficiency
of Evidence for Murder

          In two points of error, appellant contends the evidence is
legally and factually insufficient to prove appellant’s guilt for the offense
of murder.

A.        Law Pertaining to Legal
Sufficiency 

          In a legal sufficiency
review, we consider the entire trial record to determine whether, viewing the
evidence in the light most favorable to the verdict, a rational jury could have
found the accused guilty of all essential elements of the offense beyond a
reasonable doubt.  See Jackson v. Va., 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Vodochodsky v. State, 158 S.W.3d 502,
509 (Tex. Crim. App. 2005).  The jurors
are the exclusive judges of the facts, the credibility of the witnesses, and
the weight to give their testimony.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  A jury is
entitled to accept one version of the facts and reject another, or reject any
part of a witness’s testimony.  See id. 
In conducting our review of the legal sufficiency of the evidence, we do
not reevaluate the weight and credibility of the evidence, but ensure only that
the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).  In reviewing the
evidence, circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor, and circumstantial evidence alone can be
sufficient to establish guilt.  Hooper v. State, 214 S.W.3d 9, 13 (Tex.
Crim. App. 2007).  On appeal, the same
standard of review is used for both circumstantial and direct evidence
cases.  Id.

B.        Law Pertaining to Factual
Sufficiency

          In a factual sufficiency review, we view all of the
evidence in a neutral light.  Ladd v. State, 3 S.W.3d 547, 557 (Tex.
Crim. App. 1999).  We will set the
verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).

          Under the first prong of Johnson, we cannot conclude that a conviction is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of evidence admitted, we
would have voted to acquit had we been on the jury.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  Under the second prong of Johnson, we cannot declare that a
conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of that conflict.  Id. 
Before finding that evidence is factually insufficient to support a
verdict under the second prong of Johnson,
we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  In conducting a factual sufficiency review,
we must also discuss the evidence that, according to appellant, most undermines
the jury’s verdict.  See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

          In reviewing the factual sufficiency of the evidence,
appellate courts should afford almost complete deference to a jury’s decision
when that decision is based upon an evaluation of credibility.  Lancon
v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  The jury is in the best position to judge the
credibility of a witness because it is present to hear the testimony, as
opposed to an appellate court relying on the cold record.  Id.  The jury may choose to believe some testimony
and disbelieve other testimony.  Id. at 707.




 

C.        Elements
of Murder

          Appellant challenges the
sufficiency of the evidence to sustain her conviction.  Under Texas Penal Code section 19.02, a
person commits murder when she (1) intentionally or knowingly causes the death
of an individual; or (2) intends to cause serious bodily injury and commits an
act clearly dangerous to human life that causes the death of an
individual.  Tex. Penal Code Ann. § 19.02.

D.        Sufficiency
of Evidence Analysis

          In her first point of error, appellant contends the
evidence is legally insufficient to support her conviction because the State
failed to establish a temporal link between Ali’s death and any action on the
part of appellant.  Appellant claims that
the State failed to prove she struck Ali or that she had anything to do with
the murder.

          While mere presence at the scene is not enough to sustain a
conviction, that fact may be considered in determining whether an appellant was
a party to the offense.  Wygal v. State, 555 S.W.2d 465, 469
(Tex. Crim. App. 1977); Trevino v. State,
No. 01-08-00426-CR, 2009 WL 3321417 at *3 (Tex. App.—Houston [1st Dist.] Oct.
15, 2009, pet. ref’d) (mem. op., not designated for publication).  Here, appellant admits she was present in the
apartment when her daughter was killed. 
Circumstantial evidence also shows that there was no forced entry to the
apartment, and nothing in the apartment was ransacked or taken.  The only other person present in the
apartment was Ali’s four-year old daughter. 
Appellant waited three to four hours before calling for help, and when
she called for help, she gave conflicting statements to the police.  Appellant’s neighbors did not hear anyone use
the stairs leading to the apartment.  Viewing
the evidence in a light most favorable to the verdict, the jury could have
reasonably determined that because appellant was the only person with the
complainant, other than a four year old child, when the complainant was
repeatedly struck with what was believed to be a sledgehammer, the evidence
establishes murder.  We hold there is
legally sufficient evidence from which the jury could have found beyond a
reasonable doubt that appellant was guilty of Ali’s murder.  See
Hooper, 214 S.W.3d at 13 (finding circumstantial evidence as probative as
direct evidence in establishing guilt of an actor and sufficient to establish
guilt);  Guevara v. State, 152 S.W.3d 45, 52 (Tex. Crim. App. 2004) (finding
evidence of defendant’s inconsistent statements and implausible explanations to
police sufficient to support jury’s verdict of murder).

          In her second point of error, appellant contends the
evidence is factually insufficient to support her conviction because the State
failed to show affirmative links connecting her actions to the murder.  She claims the State presented circumstantial
evidence that only produced the mere probability that appellant could have
caused the death of her daughter and that other mere probabilities existed.  Appellant asserts that the jury would have
had to recreate their own story in order to determine what happened the night
of the murder, and thus their verdict was clearly contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.

          Our factual-sufficiency review must be appropriately
deferential to the jury’s determination so as to avoid substituting our
judgment for that of the jury, even if we disagree with its determination.  King v.
State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).  The jury is the sole judge of the weight and
credibility of the witness testimony.  Johnson, 23 S.W.3d at 7.  Accordingly, we reverse the jury’s
determination only when a manifest injustice has occurred.  Id.
at 9.  If there is evidence that
establishes guilt beyond a reasonable doubt, and the trier of fact believes
that evidence, we are not authorized to reverse the judgment on sufficiency of
the evidence grounds.  Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988).  

          Here, appellant asserts that there is a possibility that
Ali’s four-year old daughter could have killed her mother or that the door was
left unlocked at night and an intruder murdered Ali.  Mohamad did not testify at trial, but the
jury apparently chose to disbelieve Mohamad’s versions of events.  The jury was provided transcripts of
Mohamad’s two translated conversations with police officers.  They also heard testimony from Hadad about
what appellant told police on the morning she called for help.  Although appellant asserted that an intruder
had possibly entered their home and committed the murder, there was no sign
that anyone had entered the apartment by force; the granddaughter testified
that no one else was in the apartment; and the downstairs neighbor testified
that she did not hear anyone go up the staircase leading to appellant’s
apartment.  Additionally, although
appellant asserted that her granddaughter had possibly committed the murder,
her granddaughter testified that when she was lying in bed she saw her mother,
the complainant, touch her head and then there was blood on her hands.

          Based on all of the evidence presented, the jury could have
chosen not to believe appellant’s version of events that she related to
officers later and could instead have inferred from other evidence presented at
trial that appellant had murdered her daughter. 
See Nasir v. State, No.
01-03-00150-CR, 2004 WL 350479 at *5 (Tex. App.—Houston [1st Dist.] Feb. 26, 2004,
pet. ref’d) (mem. op., not designated for publication) (finding evidence factually
sufficient to support murder conviction because jury did not have to believe
appellant’s testimony that intruder had broken in and committed murder when
there was no sign that anyone had entered the house by force or had taken
anything valuable); see also Lancon,
253 S.W.3d at 707 (finding the jury may choose to believe some testimony and
disbelieve other testimony).  Giving due
deference to the jury’s weighing of the evidence, a neutral examination of the
evidence shows that the evidence is not so weak that the jury’s finding
appellant guilty of murder is clearly wrong or manifestly unjust and that the
determination of guilt is not against the great weight and preponderance of the
evidence.  We hold the evidence is
factually sufficient to prove appellant’s guilt for murder.

We overrule appellant’s
first and second issues.           

Conclusion

          We affirm the judgment of the trial court.

 

 

                                                          Elsa
Alcala

                                                          Justice

 

Panel consists of Justices Jennings, Alcala,
and Wilson.[1]

 

Do not
publish.  Tex. R. App. P. 47.2(b). 

 











[1]           The
Honorable Davie L. Wilson, retired Justice, First Court of Appeals,
participating by assignment.